IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-30011 |
| | ) | |
| TIMOTHY W. HUDDLESTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Timothy Huddleston's Motion for New Trial (d/e 58), Motion to Preserve the Defendant's Pro-Se Motion to Suppress and Motion to Preserve the Defendant's Constitutional Right to Appeal His Conviction to the United States Court of Appeals (d/e 57), and Motion to Reconsider Defendant's Motion to Quash and Suppress Evidence (d/e 66).  On February 6, 2008, a jury returned a verdict of guilty on each of the three charges in the Superseding Indictment (d/e 32): Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), as alleged in Count 1; Felon in Possession of a Weapon, in violation of 18

U.S.C. § 922(g)(1), as alleged in Count 2; and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c), as alleged in Count 3.

Defendant Huddleston raises several specific issues that were raised through either objections and motions that were ruled on either before trial or during trial, and then generally asks the Court in the Motion for New Trial to reverse all of the rulings denying any and all of Defendant's motions and objections, and specifically identifies certain objections made at trial. The Court's rulings on Huddleston's motions and objections were correct at the time they were made for the reasons stated of record or for the reasons stated in written decisions.

Huddleston also argues that Officer Rhodes committed perjury on the stand. The Court heard all of the evidence and finds no basis to conclude that Officer Rhodes committed perjury. Huddleston also challenges the sufficiency of the evidence. Huddleston raised this argument in his motion for directed verdict at trial. The Court heard the evidence and rejected the argument at trial. The Court again finds that there was sufficient evidence to convict for the reasons stated of record in open court. The Court therefore denies the Motion for New Trial.

Huddleston asks the Court to reconsider the denial of his Motions to Suppress Evidence.  The Court ruled on Huddleston's request to suppress evidence, and his Motion to Reconsider the ruling.  <u>Opinion entered October 4, 2007 (d/e 28)</u>; <u>Text Order entered October 12, 2007</u>.  The Court has reviewed the Defendant's new Motion for Reconsideration, and again, sees no basis to reconsider the decision.  The Motion to Reconsider is denied.

Huddleston last asks this Court to preserve his Motion to Suppress on appeal and his right to appeal.  Huddleston has a right to file a notice of appeal after entry of the judgment at sentencing.  <u>Fed. R. Crim. P.</u> 32(b); <u>Fed. R. App. P.</u> 4(b).  He does not need to file a motion to preserve this right at this time because he has not yet been sentenced.  With respect to the issue of this Court's ruling on the Motion to Suppress, Huddleston has raised this issue before trial, during trial, and in post-trial motions.  The Court believes that the matter is preserved for appeal, but the Court of Appeals will decide whether the issue has been preserved on appeal.

THEREFORE, Defendant Timothy Huddleston's Motion for New Trial (d/e 58), and Motion to Reconsider Defendant's Motion to Quash and Suppress Evidence (d/e 66) are DENIED.  Huddleston's Motion to Preserve

the Defendant's Pro-Se Motion to Suppress and Motion to Preserve the Defendant's Constitutional Right to Appeal His Conviction to the United States Court of Appeals (d/e 57) is ALLOWED in part.  Huddleston has a right to appeal after entry of judgment, but the Court of Appeals will decide the issues that are preserved for appeal.

IT IS THEREFORE SO ORDERED.

ENTER:  March 19, 2008

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE